IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KELVIN J. ROBBINS,            )
                              )
    Plaintiff,                )     MC415 ^01
                              )
v.                            )     CASE NO. CV414-230
                              )
UNIVERSAL MUSIC GROUP,        )
UNIVERSAL REPUBLIC RECORDS,   )
UNIVERSAL MOTOWN RECORDS,     )
UNIVERSAL MOTOWN,             )
                              )
    Defendants.               )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 4), to which objections have been filed (Doc. 7; Doc. 8). After careful consideration, however, the Court finds Robbins's objections to be without merit. Robbins has overburdened this Court, and now exhausted its patience, with a never-ending stream of patently frivolous claims. Addressing his many nonsensical pleadings is impairing the Court's ability to adjudicate the legitimate claims of other litigants. It is time to rein in this out-of-control serial filer. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Robbins's complaint is hereby **DISMISSED**. As a result, all other pending motions are **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case. As

recommended by the Magistrate Judge, the Court additionally imposes the following restrictions upon Robbins:

1. As to any future civil actions sought to be commenced in forma pauperis ("IFP") by Robbins, the Clerk shall receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the presiding district judge in this case for a determination as to whether Robbins qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be dismissed without any further judicial action after 30 days from the date the complaint is received by the Clerk, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and complaint that Robbins endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then 30 days after the complaint's receipt the

Clerk shall, without awaiting any further direction, notify Robbins that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

2. The Clerk shall not docket any further motions or papers in a case automatically dismissed pursuant to this directive except for a notice of appeal. Any papers other than a notice of appeal shall be returned to Robbins unfiled. If a notice of appeal is filed, the Clerk shall forward a copy of the Court's ruling in this case, the notice of appeal, and the dismissed complaint to the Court of Appeals. Robbins shall remain responsible for appellate filing fees or he may move this Court for IFP status on appeal.

3. To ensure that all future Robbins pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future Robbins complaints are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. Robbins may file a motion to modify or rescind the imposition of these restrictions no earlier than two years from the date of this Order.

5. These filing restrictions do not apply to any criminal case in which Robbins is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of this Order shall be forwarded to each judicial officer in this District.

SO ORDERED this 13th day of January 2015.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA